# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:16-cv-00379-MOC
## (CRIMINAL CASE NO. 3:10-cr-00088-MOC-1)

| | |
|---|---|
| ANTHONY MARKEE ALLEN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter and Caryn Devins Strickland of the Federal Defenders of Western North Carolina.

**I.   BACKGROUND**

On May 18, 2010, Petitioner Anthony Markee Allen ("Petitioner") was charged in a Bill of Indictment with one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count One); one count of conspiracy to use or carry a firearm in furtherance of a crime of violence, that is, the Hobbs Act robbery charged in Count One, in violation of 18 U.S.C. § 1951 (Count Two); and one count of aiding and abetting the use and carrying of firearms in furtherance of a crime of violence, that is, the robbery charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(iii) (Count Three). [CR Doc. 3: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00379-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:10-cr-00088-MOC-1.

Petitioner agreed to plead guilty to Counts One and Three as charged in the Indictment and the Government agreed to dismiss Count Two. [CR Doc. 27 at 1: Plea Agreement]. On November 10, 2010, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 33: Entry and Acceptance of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 47: PSR]. The probation officer found Petitioner's Criminal History Category to be III and his Total Offense Level to be 17, yielding a guidelines range for imprisonment of 30 to 37 months, followed by a mandatory minimum consecutive sentence of 120 months, 18 U.S.C. § 924(c)(1)(A)(iii). [Id. at ¶¶ 24, 33, 49, 50]. Petitioner's sentencing hearing was held on June 7, 2011. The Court sentenced Petitioner to 37 months on Count One and 120 months on Count Three, to be served consecutively to the term imposed for One, for a total term of imprisonment of 157 months. [CR Doc. 56 at 2: Judgment]. Judgment on this conviction was entered on June 17, 2011. [Id.]. Petitioner did not directly appeal his conviction.

On June 17, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's motion and ordered the Government to respond. [CV Doc. 2]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. [CV Docs. 3, 4]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. The Court then ordered the parties to show cause why the stay in the matter should not be lifted and the Government ordered to respond. [CV Doc. 7]. The Government agreed the stay should be lifted, [CV Doc. 8], and timely filed a motion to dismiss

Petitioner's § 2255 motion to vacate. [CV Doc. 10]. The Petitioner responded to the Government's motion. [Doc. 11]. This matter is now ripe for disposition.

II.     **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    **DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 1-2]. Petitioner specifically argues that his "§ 924(c) conviction for using a firearm in relation to a 'crime of violence' is void because the predicate offense of Hobbs Act robbery does not qualify as a 'crime of violence' in light of Johnson." [Id. at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious

3

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner argues his § 924(c) conviction is invalid under Johnson. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for aiding and abetting Hobbs Act robbery can qualify as § 924(c) "crimes of violence" only under the force clause.[2] [CV Doc. 1 at 3-4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Three is only valid if aiding and abetting Hobbs Act robbery

---

[2] In his Section 2255 motion to vacate, Petitioner refers to the predicate crime of violence as Hobbs Act robbery, not aiding and abetting Hobbs Act robbery. [See CV Doc. 1]. It is not until Petitioner's response to the Government's motion to dismiss that Petitioner argues the predicate crime of violence is aiding and abetting Hobbs Act robbery. [See CV Doc. 11]. Because Count One of the Indictment clearly charges aiding and abetting Hobbs Act robbery and because the outcome is the same regardless, the Court's decision is based on an aiding and abetting Hobbs Act robbery predicate crime of violence.

4

qualifies as a "crime of violence" under § 924(c)'s force clause.

Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because, like a conspiracy [to commit Hobbs Act robbery], it does not 'invariably require the actual, attempted, or threatened use of force.'" [Doc. 11 at 2 (quoting Simms, 914 F.3d at 233-34)]. This argument, however, is legally unsupported.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). See also United States v. Steward, 2019 WL 6875294, *1 (4th Cir. Dec. 17, 2019) (citing

5

Mathis for the proposition that aiding and abetting Hobbs Act robbery is a crime of violence). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 10] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: March 4, 2020

Max O. Cogburn Jr
United States District Judge